**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4838**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS BLAKE SILER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-488)

Submitted: April 24, 2006      Decided: May 10, 2006

Before NIEMEYER, LUTTIG,[*] and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

[*]Judge Luttig participated in the consideration of this case, but his resignation from the court took effect on the date the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Blake Siler appeals from the 122-month sentence imposed following his guilty plea to possession with intent to distribute 20.6 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2000), and use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). Siler's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but challenging the reasonableness of Siler's sentence. Siler filed a pro se supplemental brief raising claims of prosecutorial misconduct and ineffective assistance of counsel. Because our review of the record discloses no reversible error, we affirm Siler's conviction and sentence.

Siler argues the district court's imposition of a 122-month sentence was unreasonable. We disagree. Siler admitted to possession of 20.6 grams of cocaine base, thus triggering the five-year mandatory minimum set forth in 21 U.S.C. § 841(b)(2)(B)(iii) (2000). Further, pleading guilty to use of a firearm in furtherance of a drug trafficking offense resulted in the mandatory application of a second five-year term, which was to run consecutive to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(A)(I) (2000). Thus, the 122-month sentence is only two months longer than the shortest term of imprisonment to which the

district court could have sentenced Siler.  Accordingly, we find the sentence is reasonable.

We have considered the claims raised by Siler in his supplemental brief and find them without merit.  The record reveals no acts of misconduct on the part of the prosecutor, and Siler's allegations of ineffective assistance of counsel are more appropriately raised in a motion pursuant to 28 U.S.C. § 2255 (2000).  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  Siler's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11.  Siler was properly advised of his rights, the offenses charged, and the maximum sentences for the offenses.  The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises.  See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).  We therefore affirm Siler's conviction and sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED